## STATE *v.* WILBER O. LOWE.

January Term, 1920.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed May 5, 1920.

*Chattel Mortgages—Prosecution Under G. L. 2798—Agreement of Parties No Defence for Failure to Set Forth Prior Mortgage.*

1. That the parties to a chattel mortgage agreed that a prior mortgage on the same property need not be set forth therein is no defence to a prosecution under G. L. 2798, requiring a prior chattel mortgage to be set forth in a second or subsequent mortgage of the same property.

COMPLAINT under G. L. 2798, for failure to set forth a prior chattel mortgage in a subsequent mortgage of the same property. Plea, not guilty. Trial by jury in the Montpelier City Court, *Erwin M. Harvey,* Judge. Verdict, guilty. Judgment on the verdict. The respondent excepted. The opinion states the case.

*Gleason & Willcox* for the respondent.

*Earle R. Davis,* State's Attorney, for the State.

MILES, J. This is a prosecution under section 2798 of the General Laws, which reads as follows: "A mortgagor shall not execute a second or subsequent mortgage of personal property, while the same is subject to a previously existing mortgage given by said mortgagor, unless the existence of such previous mortgage is set forth in the subsequent mortgage." G. L. 2799 imposes a penalty for a violation of the foregoing section.

No question is made but that the respondent executed a mortgage upon personal property which he had previously mortgaged and which was then outstanding against the property subsequently mortgaged, without stating in such mortgage the existence of the one previously given.

The case was tried by jury, and during the trial many exceptions were taken, and at its close the respondent filed a motion in arrest of judgment; but the only exception relied upon in the respondent's brief is the one taken to the exclusion of his offer to show that he omitted to state the existence of the previous mortgage in the second mortgage because of an agreement with the authorized agent of the mortgagee that he need not do so, and that the omission was in good faith and without criminal intent.

[1]   The offer comes to this: That, as the parties to the mortgage considered it unnecessary to have the mortgage show, as the fact was, that the property described therein was covered by a previously existing mortgage, placed thereon by the mortgagor, the latter is not liable under the statute under which the present prosecution is based.   On the exception to the exclusion of the offer the question is argued as raising one of intent.   It is enough to say in disposing of the question raised by the exception that it is a matter affecting a public interest, and not only the mortgagee was interested, but also assignees of the mortgage as well as creditors of the mortgagor and subsequent purchasers of the property.   This being so, the understanding of the parties to the mortgage offered to be shown does not meet the purpose of the statute, and we find no error in the proceedings below, and the respondent takes nothing by his exception.

*Let execution be done.*